UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

KASHYAP P. PATEL,

        Plaintiff,

v.

JESSIE LIU, *et al.*,

        Defendants.

_____

:
:
:
:
:
:
:
:
:
:
:

Civ. No. 1:23-cv-2699

The Honorable Amit P. Mehta

### MOTION TO SEAL, OR, IN THE ALTERNATIVE, TO REDACT THE DEFENDANTS' PERSONAL RESIDENTIAL ADDRESSES

Under Federal Rule of Civil Procedure 5.2, Defendants, former United States Attorney for the District of Columbia Jessie Liu, former United States Deputy Attorney General Rod Rosenstein, Special Counsel Robert Hur, former United States Principal Associate Deputy Attorney General Ed O'Callaghan, and Federal Bureau of Investigation Director Christopher Wray, move for an order sealing all docket entries containing their personal residential addresses. Alternatively, Defendants ask the Court order that all documents containing their personal residential addresses be redacted so the information is not visible to the public. Defendants request the order apply to any future filings in this case that contain their personal residential addresses. Counsel for Plaintiff has been consulted and does not oppose this motion. A proposed order is attached.

## BACKGROUND

Plaintiff sued several current and former high-ranking federal officials, including former United States Attorney for the District of Columbia Jessie Liu, former Deputy Attorney General Rod Rosenstein, Special Counsel Robert Hur, former Principal Associate Deputy Attorney General Ed O'Callaghan, and Federal Bureau of Investigation Director Christopher Wray. *Id.* (ECF 1) ¶¶ 13-17. He asserts a single Fourth Amendment claim for unlawful search and seizure under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* (ECF 1) ¶¶ 72-76.

On October 26, 2023, Plaintiff requested summonses to be issued for Defendants. (ECF 5). The following day, the Court issued five summonses. (ECF 6). Plaintiff has since served Defendants Liu, Hur, and O'Callaghan, with proof of service affidavits filed on the public docket. (ECF 7, 9, 11). These public filings – ECF 5, 6, 7, 9, and 11 – each contain the personal residential addresses of one or more of the named Defendants, all current or former high-ranking federal officials.

## ARGUMENT

Federal Rule of Civil Procedure 5.2 addresses the need to protect sensitive information in federal district court records. Rule 5.2(a) specifies certain information that must be redacted in electronic or paper filings while Rule 5.2(b) specifies certain exemptions from the redaction requirement. Rule 5.2(c) imposes limitations on electronic access to filings in Social Security Act

and immigration cases. Parties' personal residential addresses generally are not among the class of information covered by these provisions. This Court's Local Rule 5.1(c)(1), provides some protection for residence addresses; it says that "[t]he first filing by or on behalf of a party shall have in the caption the . . . full residence address of the party." LCvR 5.1(c)(1). However, "[i]f the party does not wish its full residence address to appear on the public docket, it shall omit the address and simultaneously file under seal a notice containing its full address, which notice shall be available only to the Court and the opposing party." *Id.*

Neither the provisions of Rule 5.2(a) through (c), nor Local Civil Rule 5.1 address the problem here, which is that Defendants' personal residential addresses appear on summonses and proof of service affidavits already filed on the public docket. And so Federal Rule of Civil Procedure 5.2's subdivisions (d) and (e) come into play. Subdivision (d) addresses filings under seal, while subdivision (e) provides for protective orders by which a court may, on a showing of good cause, "(1) require redaction of additional information" or "(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." The Advisory Committee note accompanying the 2007 adoption of Rule 5.2 observes, "Subdivision (d) reflects the interplay between redaction and filing under seal. It does not limit or expand the judicially developed rules that govern sealing. But it does reflect the possibility that redaction may provide an alternative to sealing."

Likewise, "Subdivision (e) provides that the court can by order in a particular case for good cause require more extensive redaction than otherwise required by the Rule. Nothing in this subdivision is intended to affect the limitations on sealing that are otherwise applicable to the court." *Ibid*. Aside from the specific provisions spelled out in subdivisions (a) through (c), Rule 5.2 does not appear to have altered the preexisting principles governing when federal courts may limit access to judicial records.

Under principles preceding the adoption of Rule 5.2, a party may request that personal identifying information be sealed where "a party's interest in privacy . . . outweighs th[e] strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). In conducting this analysis, courts consider "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

These factors weigh in favor of sealing the Defendants' personal residential addresses. To start, "the need for public access to [personal residential addresses] is low," *Mustard v. Islamic Republic of Iran*, No. 21-CV-163, 2021 WL 6844250, at *1 (D.D.C. Jan. 21, 2021). On the other hand, Defendants – the objectors in this case – are current and former high-ranking federal officials with a strong interest in keeping their personal residential addresses private. Little or no valid purpose could be served by placing Defendants' personal residential addresses in the public domain. High-ranking government officials, even former ones, are at greater risk to their safety and of threats, harassment or retaliation resulting from the disclosure of their private information. Congress has acknowledged the risk inherent in disclosure of personal information and acted to minimize it in various contexts, including when government officers are involved. *See, e.g.*, 18 U.S.C. § 119 (providing protections for federal employees' personal information); 5 U.S.C. § 552(b)(6) (exempting "personnel and . . . similar files[,] the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" from disclosure under the Freedom of Information Act). Further, the documents to be sealed (or redacted) here are summonses and service affidavits introduced to establish "the procedural requirement of service of summons[.]" *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). They are irrelevant to the merits of the action and of negligible public interest.

Plaintiff does not oppose this motion, and he will not be prejudiced by the relief sought. Counsel for the parties are cooperating to effect service on the remaining Defendants. The general public's interest in knowing the Defendants' personal residence addresses is slight, *cf*. LCvR 5.1(c)(1), and is outweighed by the countervailing considerations explained above.

**CONCLUSION**

The grounds described above establish good cause. Accordingly, Defendants request the Court seal all docket entries containing their personal residential addresses, specifically ECF 5, 6, 7, 9, and 11, with access preserved for the Court and counsel for the parties. Alternatively, Defendants move that the Court order all documents containing their personal residential addresses be redacted so the information is not visible to the public, and that the order apply to any future filings in this case that contain their personal residential addresses.[†]

Respectfully submitted this 15th day of December 2023.

> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney
> General, Civil Division
>
> C. SALVATORE D'ALESSIO, JR.
> Director, Torts Branch
> Civil Division
>
> RICHARD MONTAGUE
> Senior Trial Counsel, Torts Branch
> Civil Division

---

[†] Defendants can provide redacted copies of relevant documents upon request.

*s/ Siegmund F. Fuchs*
SIEGMUND F. FUCHS
(D.C. Bar # 986828)
Senior Trial Attorney, Torts Branch
Civil Division
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station, P.O. Box 7146
Washington, D.C. 20044-7146
(202) 616-4322
siegmund.f.fuchs@usdoj.gov

Attorneys for the Defendants