UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KASHYAP PATEL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 23-cv-2699 (APM) |
| **JESSIE K. LIU, et al.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.**

During the 2016 presidential election, the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") opened an investigation, called Crossfire Hurricane, into the relationship between then-candidate Donald Trump's campaign and Russia. Compl., ECF No. 1, ¶¶ 26–27 [hereinafter Compl.]. In early 2017, the U.S. House of Representatives Permanent Select Committee on Intelligence ("HPSCI") began to investigate the FBI's handling of Crossfire Hurricane. In April of that year, Plaintiff Kashyap Patel joined the HPSCI as a senior counsel. *Id.* ¶¶ 39–40. By that fall, the HPSCI was preparing to release its findings in what would come to be known as the Nunes Memo. *Id.* ¶ 54. Before its release, a draft was shared with certain high-ranking individuals at the DOJ and FBI. *Id.* ¶ 55.

On November 20, 2017, Plaintiff alleges that the DOJ, without probable cause, "obtained a grand jury subpoena to access [his] personal information as part of a politically motivated investigation." *Id.* ¶ 56. The recipient of the subpoena, Google LLC, produced Plaintiff's subscriber information to the DOJ weeks later. *Id.* ¶ 59. Fast forward five years. Plaintiff learned

about the records demand for the first time in December 2022, when Google disclosed to him that "DOJ had issued its subpoena for information related to his personal accounts." *Id.* ¶ 61.

Plaintiff now brings a single *Bivens* claim asserting a Fourth Amendment violation against various DOJ and FBI officials, whom he believes were responsible for issuing the subpoena to Google. *Id.* Those officials are: (1) former U.S. Attorney for the District of Columbia Jessie Liu; (2) former Deputy Attorney General Rod Rosenstein; (3) former Principal Associate Deputy Attorneys General Robert Hur and Edward O'Callaghan; (4) FBI Director Christopher Wray; (5) an unnamed Assistant U.S. Attorney; and (6) an unnamed special agent for the FBI who signed the affidavit in support of the search warrant. *Id.* ¶¶ 13–19, 72. Plaintiff seeks damages and injunctive relief. *Id.* ¶ 77.

Defendants moved to dismiss the complaint. Defs.' Mot. to Dismiss, ECF No. 18. They contend that there is no *Bivens* remedy here, they are entitled to qualified immunity, and injunctive relief is unavailable. Defs.' Mem. of P&A in Supp. of Defs.' Mot., ECF No. 18 [hereinafter Defs.' Mem.], at 5–27. For the reasons that follow, the motion is granted.

## II.

### A.   *Bivens* Remedy

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures." *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017). After *Bivens*, the Court twice more recognized an implied cause of action to remedy other alleged constitutional violations. *See id.* at 131 (citing *Davis v. Passman*, 442 U.S. 228 (1979) (recognizing Fifth Amendment Due Process Clause gave the plaintiff a damages remedy for gender

2

discrimination)) and *Carlson v. Green*, 446 U.S. 14 (1980) (holding that the Eighth Amendment's Cruel and Unusual Punishment Clause gave the plaintiff a damages remedy for the failure to provide medical treatment)).

More recently, however, the Supreme Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 135 (citation omitted). That shift is explained by the Court's adoption of "a far more cautious course before finding implied causes of action." *Id.* at 132. As a result, for almost 40 years, the Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Id.* at 135 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68, (2001)).

To determine the availability of a *Bivens* remedy, courts must first ask whether the case presents "'a new *Bivens* context'—*i.e.*, is it meaningfully different from the three cases in which the Court has implied a damages action[.]" *Egbert v. Boule*, 596 U.S. 482, 483 (2022) (internal quotation marks and citations omitted). If the context is not new, the analysis stops there and the claim can proceed. If, however, a claim arises in a new context, the court must determine whether there are "'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* at 492 (quoting *Ziglar*, 582 U.S. at 136). If such "special factors" exist, the *Bivens* claim fails; if not, it can proceed.

1. New Context

To determine whether "[a] case might differ in a meaningful way," and thus present "a new *Bivens* context," courts look to a non-exhaustive list of factors, including: "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; . . . the

statutory or other legal mandate under which the officer was operating; [and] the risk of disruptive intrusion by the Judiciary into the functioning of other branches[.]" *Ziglar*, 582 U.S. at 139–40.

This case presents a "new *Bivens* context." In *Bivens*, the Court recognized an implied cause of action under the Fourth Amendment for damages against various federal narcotics agents who made a warrantless entry of the plaintiff's apartment, searched it, and arrested him on narcotics charges, all without probable cause. *See Bivens*, 403 U.S. at 389. Here, in sharp contrast, Plaintiff has sued high-ranking DOJ and FBI officials about their alleged approval of a grand jury subpoena to a provider of online electronic communication services. This case therefore does not closely resemble *Bivens*. *See Attkisson v. Holder*, 925 F.3d 606, 621 (4th Cir. 2019) (finding a "new context" when the defendants "held much higher ranks than the line-level FBI agents sued in *Bivens*," and the claim was "based on unlawful electronic surveillance" that "present[ed] wildly different facts and a vastly different statutory framework from a warrantless search and arrest").

Plaintiff argues that because he alleges a Fourth Amendment violation involving an unconstitutional search, his case is not meaningfully different from *Bivens* itself. Pl.'s Mem. of P&A in Opp'n to Defs.' Mot. to Dismiss, ECF No. 21 [hereinafter Pl.'s Opp'n], at 8. But the Court's *Bivens* jurisprudence demands more specific similarity. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020). Plaintiff further contends that this case involves "run-of-the-mill challenges to 'standard law enforcement operations.'" Pl.'s Opp'n at 9 (quoting *Jacobs v. Alam*, 915 F.3d 1028, 1038 (6th Cir. 2019)). There is a world of difference, however, between "a claim against FBI agents for handcuffing a man in his own home without a warrant," *Ziglar*, 582 U.S. at 140, and Plaintiff's

4

claim, which arises from the alleged retaliatory issuance of a grand jury subpoena by high-ranking law enforcement officials.

        2.     *Special Factors*

Having found that Plaintiff's claim presents a "new *Bivens* context," the court considers whether any "special factors" counsel against extending a *Bivens* remedy here. That inquiry "concentrate[s] on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 136. If "there is *any* reason to think that Congress might be better equipped to create a damages remedy," then the court must decline to extend *Bivens* to a new context. *Egbert*, 596 U.S. at 492 (emphasis added).

In this case, the presence of alternative remedial schemes forecloses *Bivens* relief. *See id.* at 493 ("If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" (quoting *Ziglar*, 582 U.S. at 137)). For one, Congress has legislated with respect to privacy protections for electronic records and provided remedies for violations. The Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, offers a civil damages remedy for the improper subpoenaing of electronic records like the materials sought here. *Id.* § 2707. What's more, through the Inspector General Act, 5 U.S.C. § 401-24, an individual may report allegations of federal employee misconduct to the DOJ Office of the Inspector General. Other courts have found that the availability of this process forecloses a *Bivens* remedy. *See, e.g.*, *Arias v. Herzon*, 680 F. Supp. 3d 61, 68 (D.N.H. 2023); *House v. Nat'l Park Serv.*, No. 22-cv-970 (SCY), 2024 WL 3401049, at *5 (D.N.M. July 12, 2024).

Plaintiff counters that these remedies do not provide complete relief, Pl.'s Opp'n at 12, but an alternative remedy need not do so to foreclose a *Bivens* claim. *Egbert*, 596 U.S. at 493. The existence of these remedies indicates that Congress is better equipped than the courts to provide a cause of action. *Cf. id.* at 497 (holding that the existence of the Border Patrol's grievance process foreclosed *Bivens* relief).

Plaintiff's remaining arguments are similarly unavailing. He contends that there are no special factors counseling hesitation because this case does not involve a national security dispute. Pl.'s Opp'n at 9–10. But the absence of a national security concern alone does not warrant recognition of a *Bivens* remedy. *See Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (no *Bivens* remedy available in landowner's retaliation suit against Bureau of Land Management); *Minneci v. Pollard*, 565 U.S. 118, 127 (2012) (no *Bivens* remedy available in Eighth Amendment prisoner suit against private prison company). Plaintiff also points out that courts commonly handle subpoena disputes. Pl.'s Opp'n at 10. His claim, however, does not involve a contest over whether certain materials must be produced. Instead, he asserts that high-ranking officials sought to punish him for his political views through the issuance of a grand jury subpoena. *See* Compl. ¶¶ 57, 64, 68. Finally, Plaintiff argues that, because Congress would be met with backlash if it provided a damages remedy in this instance, the court should recognize one. Pl.'s Opp'n at 10. That contention is speculative at best and, in any event, is not a valid ground upon which to extend a *Bivens* remedy.

In conclusion, because this matter involves a "new context" and special factors caution against a *Bivens* remedy, Plaintiff fails to state a claim.

### B. Qualified Immunity

Defendants argue in the alternative that qualified immunity warrants dismissal even if *Bivens* would supply a cause of action here. *See* Defs.' Mem. at 18. The court agrees.

Officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The court evaluates a defendant's qualified immunity defense by determining (1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Here, Plaintiff's claim fails on prong one.

Plaintiff's Complaint alleges that the subpoena lacked probable cause, thus violating the Fourth Amendment. Compl. ¶ 75 ("Specifically, the subpoena represented an unreasonable search and seizure of Mr. Patel's private personal information without probable cause."). But that allegation does not make out a Fourth Amendment violation, because the probable cause standard does not govern grand jury subpoenas. *See United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991).

In his opposition to Defendants' motion, Plaintiff concedes the inapplicability of the probable cause standard and attempts to recast his Complaint as challenging the subpoena's breadth. Pl.'s Opp'n at 14. But Plaintiff cannot amend his pleading through his opposition brief. *Statewide Bonding, Inc. v. DHS*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020) (refusing to address an argument raised for the first time in opposition to the defendant's motion to dismiss because it "is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"

(quoting *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000))). Defendants thus are entitled to qualified immunity.

### C.     Equitable Relief

Plaintiff also seeks "[i]njunctive relief preventing those agents who improperly investigated Mr. Patel from being involved in future proceedings against him, whether judicial or investigatory," and the "[d]estruction of any and all records that the FBI and DOJ obtained from their subpoena to Mr. Patel." Compl. ¶ 77. But Plaintiff has not plausibly established standing for the former relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (holding that a plaintiff seeking injunctive relief must demonstrate that they are "likely to suffer future injury from" the same alleged misconduct). And the latter remedy is not available under *Bivens* where, as here, the defendants are sued only in their individual capacities. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."); *Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) ("[W]e join our sister circuits in holding that relief under *Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action.").

### IV.

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 18, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: September 25, 2024

Amit P. Mehta
United States District Court Judge